UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS EUGENE HERRICK,<br><br>Plaintiff,<br><br>v.<br><br>M. LIDDELL, et al.,<br><br>Defendants. | No. 2: 20-cv-0759 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Correctional Officer Liddell, Lieutenant Robberecht, Lieutenant Sabala and Warden Lynch. The complaint contains three claims.

*Claim One*

Plaintiff alleges that on October 10, 2019, defendant Liddell slammed plaintiff on the ground and punched plaintiff several times while plaintiff was handcuffed behind his back and wearing shower shoes. Defendant Liddell then wrote a rules violation report falsely claiming that plaintiff kicked defendant Liddell in the knee. In the rules violation report, defendant Liddell admitted to punching plaintiff twice. Defendant Liddell claimed that punching plaintiff was the only way to control plaintiff. Plaintiff alleges that during the October 10, 2019 incident, he did not touch defendant Liddell.

Plaintiff alleges that defendant Robberecht found plaintiff guilty of the rules violation report and assessed 150 days good time credits and gave plaintiff a Security Housing Unit ("SHU") term. Plaintiff alleges that defendant Robberecht found plaintiff guilty in an attempt to "cover up" for defendant Liddell.

Plaintiff alleges that when plaintiff appealed the guilty finding, defendant Lynch assigned defendant Sabala to investigate plaintiff's claims. Plaintiff alleges that defendant Sabala did not investigate his claims. Instead, defendant Sabala only looked into whether plaintiff's due process rights were violated, whether paperwork was issued in a timely manner and whether the disciplinary hearing was timely. Defendant Sabala affirmed the hearing results without even a "token investigation." Defendant Lynch signed the appeal, affirming defendant Sabala's decision.

As his legal claim, in claim one plaintiff alleges that he was denied his right to a jury trial in connection with the charges made in the rules violation report. Plaintiff alleges that the Sacramento County District Attorney's Office declined to prosecute plaintiff for the charges

1  alleged in the rules violation report.  However, plaintiff also alleges that the prison declined to
2  forward his case to the Sacramento County District Attorney's Office.

3        Plaintiff does not have a right to a jury trial in a prison disciplinary matter.  See Zepeda v.
4  Peterson, 2013 WL 246737, at *6 n. 1 (E.D. Cal. Jan. 22, 2013).  Plaintiff's claim that his right to
5  a jury trial was violated does not state a potentially cognizable claim for relief.  Accordingly, this
6  claim is dismissed.

7        Moreover, to the extent plaintiff directly challenges the validity of the prison disciplinary
8  conviction, for which he was assessed time credits, it appears that this claim is barred by Heck v.
9  Humphrey, 512 U.S. 477 (1994).  "[A] state prisoner's claim for damages is not cognizable under
10 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of
11 his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence
12 has previously been invalidated."  Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck,
13 512 U.S. at 487).  The so-called "Heck bar" also applies to prison disciplinary decision that
14 resulted in the deprivation of good-time credits.  Id. at 647-48.

15       A finding that plaintiff was wrongly found guilty of the rules violation, i.e., a finding that
16 plaintiff did not kick defendant Liddell, and that plaintiff should not have been assessed time
17 credits, would result in a reduction of plaintiff's sentence.  Therefore, a claim by plaintiff directly
18 challenging the validity of his disciplinary conviction would be Heck barred.

19     *Claim Two*

20       Plaintiff alleges that on October 10, 2019, defendant Liddell used excessive force against
21 plaintiff in violation of the Eighth Amendment during the incident that led to the rules violation
22 report filed against plaintiff.  Plaintiff alleges that defendant Liddell slammed plaintiff face first
23 on the ground while plaintiff was wearing shower shoes and repeatedly punched plaintiff.

24       Plaintiff has stated a potentially colorable Eighth Amendment claim against defendant
25 Liddell.  The undersigned cannot determine at this time that a finding in plaintiff's favor
26 regarding the excessive force claim would result in the invalidity of plaintiff's disciplinary
27 conviction.  For that reason, at this time, the undersigned does not find that plaintiff's Eighth
28 Amendment claim against defendant Liddell is Heck barred.

*Claim Three*

Plaintiff alleges that on October 20, 2019, defendant Liddell attempted to place plaintiff in a new cell. The cell was allegedly extremely filthy. Plaintiff told defendant Liddell that he could not live in that cell without cleaning supplies and that they were supposed to clean the cell before moving plaintiff into it. Plaintiff alleges that defendant Liddell retaliated against plaintiff for complaining about the condition of the cell by using the excessive force alleged in claims one and two. Plaintiff also alleges that defendant Liddell then filed the false disciplinary charges alleged in claim one in retaliation for plaintiff complaining about the condition of the cell. Plaintiff alleges that in the rules violation report, defendant Liddell falsely claimed that plaintiff kicked him.

Plaintiff has stated a potentially colorable retaliation claim against defendant Liddell for allegedly using excessive force against plaintiff in retaliation for plaintiff's complaints regarding the condition of the cell.

However, plaintiff's claim that defendant Liddell retaliated against plaintiff for complaining about the condition of the cell by charging plaintiff with the rules violation report that falsely claimed that plaintiff kicked defendant Liddell implicates the validity of plaintiff's disciplinary conviction. A finding that defendant Liddell falsely charged plaintiff with kicking defendant Liddell in retaliation for plaintiff's complaints would result in the invalidation of the disciplinary conviction. For these reasons, plaintiff's claim that defendant Liddell filed the false disciplinary charges in retaliation for plaintiff's complaints regarding the condition of the cell appears to be Heck barred.

*Conclusion*

Plaintiff has stated a potentially cognizable Eighth Amendment excessive force claim against defendant Liddell. Plaintiff has also stated a potentially cognizable retaliation claim against defendant Liddell based on the allegation that defendant Liddell used the excessive force in retaliation for plaintiff's complaints regarding the condition of the cell. For the reasons discussed above, plaintiff's other claims are dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendant Liddell and pursue his potentially

5

cognizable claims against only that defendant, or he may delay serving any defendant and attempt to cure the pleading defects discussed above as to the remaining claims and defendants.

If plaintiff elects to attempt to amend his complaint he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Liddell, against whom he has stated potentially cognizable claims for relief, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of defendant Liddell.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

6

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil Procedure 41 for violation of these instructions.

     A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims but for the claims alleging that defendant Liddell used excessive force in

violation of the Eighth Amendment and in retaliation for plaintiff's complaints about the conditions of the cell are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against those claims found not cognizable or Heck barred. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable claims against defendant Liddell. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to this defendant, he shall return the attached notice within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: July 29, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Herrick759.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS EUGENE HERRICK,<br><br>            Plaintiff,<br><br>     v.<br><br>M. LIDDELL, et al.,<br><br>            Defendants. | No.  2: 20-cv-0759 KJN P<br><br><br><br>NOTICE |

    Plaintiff opts to proceed with the original complaint as to his claims that defendant Liddell used excessive force in violation of the Eighth Amendment and in retaliation for plaintiff's complaints about the condition of the cell.
    Plaintiff consents to the dismissal of the remaining claims and defendants without prejudice. _____

OR

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                                        _____
                                                        Plaintiff